UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

NEW ERA CAP CO., INC.

                Plaintiff,                          **COMPLAINT**

vs.                                                  Civ. No.

BLUE OCEAN TRADEMARKS NV,

                Defendants.
_____

New Era Cap Co., Inc. ("New Era Cap"), by its attorneys, Phillips Lytle LLP, for its complaint against defendant, alleges as follows:

**NATURE OF THE ACTION**

1.      Founded in 1920, New Era Cap is a global sports headwear designer and manufacturer, making more than 40 million licensed and non-licensed caps per year, as well as apparel and accessories.

2.      New Era Cap is the owner of several U.S. trademark registrations for the waving flag design shown below, for use in connection with, among other things: athletic caps; clothing for men, women and children; jewelry, watches, luggage, handbags, backpacks, wallets; and footwear for men, women and children:



(All common law and registered waving flag trademarks of New Era Cap are collectively referred to herein as the "NE FLAG MARKS").

3. This action seeks injunctive relief and damages against defendant Blue Ocean Trademarks NV ("Blue Ocean") for: (i) trademark infringement in violation of the provisions of the Lanham Act, 15 U.S.C. § 1051 et seq.; (ii) trademark dilution in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c); (iii) unfair competition and false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); (iv) common law trademark infringement, dilution, unfair competition, misappropriation and unjust enrichment; (v) cancellation of U.S. Trademark Registration No. 3,312,180; and (vi) a determination that the designs which are the subject of U.S. Trademark Application Nos. 86/642,620 and 86/592,830 should not be registered.

## PARTIES

4. Plaintiff New Era Cap is a New York corporation with its principal place of business at 160 Delaware Avenue, Buffalo, New York.

5. Upon information and belief, defendant Blue Ocean is a Curacao corporation with a principal place of business at Kaya Richard J. Beaujon z/n, Willemstad, Curacao.

6. The Court has personal jurisdiction over defendant. Upon information and belief, defendant and/or its licensees regularly do and/or transact and/or solicit business in this state and District; contract to supply goods in this jurisdiction though licensees and/or interactive websites; advertise and market infringing goods within this jurisdiction through its licensees and/or social media pages and interactive websites; derive substantial revenues from the sale of goods in this jurisdiction; and/or know or expect their actions to have consequences in this jurisdiction, and derive substantial revenue from interstate or international commerce, through licensing and/or online sales to customers and otherwise.

## JURISDICTION AND VENUE

7. Jurisdiction over this action is conferred on this Court pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338, and 1367.

8. Venue in this District is proper under 28 U.S.C. § 1391.

## BACKGROUND

9. New Era Cap makes, promotes, offers for sale and sells more than 40 million licensed and non-licensed performance and fashion caps per year.

10. New Era Cap is the exclusive manufacturer and marketer of Major League Baseball's official on-field uniform caps, worn on the field of play by every Major and Minor League player. A sampling of New Era Cap's more than 400 other licenses include the National Football League, the National Basketball Association, the National Hockey League, Arena Football, hundreds of colleges and universities, College Bowl Games and National Championships, Little League, Mexican Baseball League and Korean Baseball Organization.

11. Over a period of many years, New Era Cap has maintained and developed, at considerable expense, in the United States and worldwide, valuable trademarks and trade dress, a valuable trade name, a reputation for excellence, and valuable relationships with clients and prospective clients.

12. In order to maintain these assets and associated goodwill, New Era Cap has invested substantial amounts of money, time and other resources.

## NEW ERA CAP'S TRADEMARK REGISTRATIONS

13. On December 1, 1999, New Era Cap filed an application with the USPTO seeking to register the waving flag design illustrated below, for use in connection with athletic caps.



14. On February 5, 2002, the USPTO issued a Certificate of Registration to New Era Cap registering the waving flag mark in connection with athletic caps on the Principal Register (Registration No. 2,535,462), and such registration is valid and subsisting.

15. In addition, Registration No. 2,535,462 is now incontestable pursuant to 15 U.S.C. § 1065, and is therefore conclusive evidence of the validity of the mark, of New Era Cap's ownership of the mark, and of New Era Cap's exclusive right to use the mark in commerce.

16. On October 13, 2005, New Era Cap filed an application with the USPTO seeking to register the waving flag design for use in connection with clothing for men, women and children, namely t-shirts, sweatshirts, pants, shorts, jeans, shirts and belts; jewelry and watches; luggage, handbags, backpacks and wallets; and outerwear, namely baseball jackets and coats.

17. On February 2, 2010, the USPTO issued a Certificate of Registration to New Era Cap registering the waving flag mark in connection with clothing for men, women and children, namely t-shirts, sweatshirts, pants, shorts, jeans, shirts and belts; jewelry and watches; luggage, handbags, backpacks and wallets; and outerwear, namely baseball jackets and coats on the Principal Register (Registration No. 3,744,971), and such registration is valid and subsisting.

18. On November 5, 2009, New Era Cap filed an application with the USPTO seeking to register the waving flag design for use in connection with footwear for men, women and children.

19. On September 3, 2013, the USPTO issued a Certificate of Registration to New Era Cap registering the waving flag mark in connection with footwear for men, women and children on the Principal Register (Registration No. 4,396,438), and such registration is valid and subsisting.

20. On November 6, 2014, New Era Cap filed an application (Serial No. 86/447,010) with the USPTO seeking to register the waving flag design for use in connection with underwear and undergarments for athletic use.

21. On June 2, 2015, the USPTO issued a Notice of Allowance in connection with Application No. 86/447,010.

## NEW ERA CAP'S USE OF THE NE FLAG MARKS

22. New Era Cap has continuously used the NE FLAG MARKS in interstate commerce for several years to distinguish its goods.

23. The NE FLAG MARKS are well known throughout the United States and the world, distinctive and serve as identifiers of New Era Cap's products based upon many years of widespread and extensive advertising and promotion of such marks.

24. New Era Cap spends substantial sums each year to advertise, promote, protect and enforce its marks.

25. New Era Cap has achieved great commercial success with the goods offered under the NE FLAG MARKS.

26. The NE FLAG MARKS immediately identify New Era Cap and its products to commercial and personal customers.

27. As a result of New Era Cap's activities in promoting and policing the NE FLAG MARKS, among other things, New Era Cap has acquired enormous goodwill in these marks.

## DEFENDANTS' WRONGFUL CONDUCT

28. Upon information and belief, defendant and/or its licensees have used and continue to use the waving flag design shown below, in the United States, in connection with headwear; sun visors; hats; caps; golf caps; golf shirts; and polo shirts, among other things:









(the "Imitation Design").

29. Upon information and belief, defendant and/or its licensees have offered for sale, sold and/or distributed headwear, sun visors, hats, caps, golf caps, golf shirts and polo shirts bearing the Imitation Design to persons and companies in New York State and nationally, and have promoted the Imitation Design to persons and companies in New York State, including this District, and nationally.

30. Upon information and belief, defendant has licensed third-parties within the United States to use the Imitation Design.

31. Upon information and belief, defendant promotes and sells shirts and caps bearing the Imitation Design on social media (including Twitter) and interactive websites (including golfprowears.com), or causes such shirts to be promoted and sold.

32. Defendant has filed applications with the USPTO seeking to register the Imitation Design for use in connection with headwear; sun visors; hats; caps; golf caps; golf shirts; and polo shirts, among other things.

33. U.S. Registration No. 3,312,180 has been issued to defendant, and defendant's Application Nos. 86/592,830 and 86/642,620 remain pending.

34. Defendant's use of the Imitation Design commenced after the first use by New Era Cap of its NE FLAG MARKS, and after the issuance of New Era Cap's federal trademark registrations for the NE FLAG MARKS.

35. New Era Cap has previously notified defendant of the NE FLAG MARKS and New Era Cap's United States trademark registrations.

36. Upon information and belief, defendant's prior and continued use of the Imitation Design is done with full knowledge of New Era Cap's rights in the NE FLAG MARKS.

37. New Era Cap has never authorized defendant or its licensees, directly or indirectly, to use the Imitation Design.

38. Upon information and belief, defendant and/or its licensees have used, and are currently using, New Era Cap's trademarks in an attempt to associate themselves with New Era Cap or otherwise trade on its reputation. Defendant's adoption and use of the Imitation Design is willful.

## COUNT I
### INFRINGEMENT OF FEDERALLY-REGISTERED TRADEMARK
### 15 U.S.C. § 1114(1)

39. New Era Cap realleges paragraphs 1 through 38 above.

40. The acts of defendant and/or its licensees alleged herein were done without New Era Cap's consent, and constitute a use in commerce and interstate commerce of a reproduction or colorable imitation of federally registered marks of New Era Cap in connection with the sale and distribution of goods and/or services of defendant.

41. Such use by defendant and/or its licensees has caused or is likely to cause confusion or mistake, or to deceive.

42. Defendant's and/or its licensees' use of the Imitation Design has or is likely to lead the purchasing public to believe that defendant and/or defendant's products and services are affiliated or associated with, related to, sponsored by, approved by or connected with New Era Cap and/or New Era Cap's products, or that some legitimate connection exists between New Era Cap, its marks and products and those of defendant and/or its licensees.

43. Defendant's and/or its licensees' conduct permits them to trade on the goodwill which New Era Cap has developed over several years at considerable expense.

44. Accordingly, defendant and its licensees have infringed the trademark rights of plaintiff in violation of the Trademark Laws of the United States, particularly 15 U.S.C. § 1114(1).

45. Defendant's and/or its licensees' use of the Imitation Design was and is intentional or with a reckless disregard for or with willful blindness to New Era Cap's rights in its federally-registered NE FLAG MARKS. Upon information and belief, defendant's and/or its licensees' acts as alleged herein have been and are being performed with knowledge of New Era Cap's exclusive rights in the United States to the NE FLAG MARKS, and with knowledge that defendant's imitation of plaintiff's marks would cause confusion, or cause mistake or deceive, in an intentional and willful violation of 15 U.S.C. §1114(1)(a), all for defendant's profit.

46. Defendant and its licensees, by the acts complained of herein, have caused and are causing injury to New Era Cap, the public and the markets in which plaintiff and defendant do business.

47. Defendant's and/or its licensees' have made, and will make, unlawful gains and profits from their infringement of the NE FLAG MARKS, and New Era Cap, due to defendant's unlawful infringement, has been and is being deprived of goodwill, rights and profits which otherwise would inure to it.

48. Defendant's and/or its licensees' have caused and, unless such acts and practices are enjoined by the Court, will continue to cause immediate and irreparable harm to New Era Cap, and New Era Cap is entitled to preliminary and permanent injunctive relief to enjoin defendant and its licensees and prevent further violation of plaintiff's rights. New Era Cap has no adequate remedy at law.

49. In addition, New Era Cap has suffered and will continue to suffer damages, including treble damages, in an amount to be proven at trial.

## COUNT II
## FEDERAL UNFAIR COMPETITION/FALSE DESIGNATION OF ORIGIN
## 15 U.S.C. § 1125(a)

50. New Era Cap realleges paragraphs 1 through 49 above.

51. Defendant and its licensees have no rights in and no right to use the NE FLAG MARKS.

52. Among other things, defendant's and/or its licensees' acts perpetuate the false and misleading commercial impression that defendants and its licensees are licensed or otherwise authorized to use the NE FLAG MARKS in connection with the sale of its products and/or services, or are otherwise affiliated, connected, associated with or sponsored by New Era Cap.

53. By the acts complained of herein, defendant and its licensees have engaged in unfair competition and false designation of origin in violation of the Trademark Laws of the United States, particularly 15 U.S.C. § 1125(a).

54. Defendant's and/or its licensees' have caused and, unless such acts and practices are enjoined by the Court, will continue to cause immediate and irreparable harm to New Era Cap, and New Era Cap is entitled to preliminary and permanent injunctive relief to enjoin defendant and its licensees and prevent further violation of plaintiff's rights. New Era Cap has no adequate remedy at law.

55. In addition, New Era Cap has suffered and will continue to suffer damages, including treble damages, in an amount to be proven at trial.

# COUNT III
## FEDERAL TRADEMARK DILUTION
### 15 U.S.C. § 1125(c)

56. New Era Cap realleges paragraphs 1 through 55 above.

57. The NE FLAG MARKS are advertised and used extensively throughout the United States, and are highly recognizable by the trade and consuming public.

58. The NE FLAG MARKS are famous trademarks within the meaning of 15 U.S.C. § 1125(c) and became famous before defendant first used the Imitation Design.

59. Defendant and/or its licensees are engaged in a commercial use of the Imitation Design.

60. Defendant's and/or its licensees' activities are disparaging and damaging, and lessen the distinctiveness of one or more of the NE FLAG MARKS through, at the very least, tarnishing and blurring the NE FLAG MARKS.

61. Upon information and belief, defendant's and/or its licensees' actions described herein have been and are intentional or with a reckless disregard for or with willful blindness to New Era Cap's rights for the purpose of trading on or tarnishing plaintiff's reputation and diluting one or more of the NE FLAG MARKS.

62. As a result of the above-described diluting, blurring and damaging activities of defendant and its licensees, New Era Cap has suffered and, unless such acts and practices are enjoined by the Court, will continue to suffer immediate and irreparable harm, and New Era Cap is entitled to preliminary and permanent injunctive relief to enjoin defendant and its licensees and prevent further violation of New Era Cap's rights. New Era Cap has no adequate remedy at law.

63. In addition, New Era Cap has suffered and will continue to suffer damages, including treble damages, in an amount to be proven at trial.

## COUNT IV
## COMMON LAW TRADEMARK INFRINGEMENT

64. New Era Cap realleges paragraphs 1 through 63 above.

65. The NE FLAG MARKS are inherently distinctive, or in the alternative, have acquired secondary meaning, in the minds of the public as indicating the origin of New Era Cap's goods.

66. The acts of defendant and its licensees as described above constitute common law trademark infringement.

67. As a result of such conduct, New Era Cap has suffered and, unless such acts and practices are enjoined by this Court, will continue to suffer damage to its business, reputation and goodwill. New Era Cap has no adequate remedy at law.

68. In addition, New Era Cap has suffered and will continue to suffer damages in an amount to be proven at trial.

## COUNT V
## COMMON LAW UNFAIR COMPETITION

69. New Era Cap realleges paragraphs 1 through 68 above.

70. The acts of defendant and its licensees as described above constitute unfair competition.

71. Defendant has profited and, unless such acts and practices are enjoined by this Court, will continue to profit by misappropriating the time, money, skill and labors New Era Cap has invested in establishing its reputation and goodwill.

72. As a result of such conduct, New Era Cap has suffered and, unless such acts and practices are enjoined by this Court, will continue to suffer damage to its business, reputation and goodwill. New Era Cap has no adequate remedy at law.

73. In addition, New Era Cap has suffered and will continue to suffer damages in an amount to be proven at trial.

## COUNT VI
## CANCELLATION OF REGISTRATIONS

74. New Era Cap realleges paragraphs 1 through 73 above.

75. Blue Ocean alleges that it is the owner of U.S. Registration No. 3,312,180 for the Imitation Design.

76. In light of Blue Ocean's use of the Imitation Design in connection with the goods and services described in the registration and complained of herein, an actual justiciable controversy exists between the parties with respect to Registration No. 3,312,180.

77. New Era Cap asks this Court to determine that Blue Ocean has no right to Registration No. 3,312,180, to order the cancellation of any registration found to have been granted improvidently, and to otherwise rectify the register with respect to any of Blue Ocean's registrations, in accordance with the proof adduced in this case.

## COUNT VII
## DECLARATORY JUDGMENT OF NON-ENTITLEMENT TO REGISTRATION

78. New Era Cap realleges paragraphs 1 through 77 above.

79. Blue Ocean alleges that it is the owner of U.S. Application Nos. 86/592,830 and 86/642,620 for the Imitation Design.

80. In light of Blue Ocean's use of the Imitation Design in connection with the goods and services described in the registration and complained of herein, an actual justiciable

controversy exists between the parties with respect to U.S. Application Nos. 86/592,830 and 86/642,620.

81. New Era Cap asks this Court to determine that Blue Ocean has no right to register the marks which are the subject of U.S. Application Nos. 86/592,830 and 86/642,620, to order the cancellation of any notice of allowance or registration found to have been granted improvidently, and to otherwise rectify the register with respect to any of Blue Ocean's applications and registrations, in accordance with the proof adduced in this case.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(b), New Era Cap demands a trial by jury of all issues triable of right by jury.

## PRAYER FOR RELIEF

WHEREFORE, New Era Cap prays that the Court enter judgment in its favor and against defendant and grant relief as follows:

A. That the Court enter judgment against Blue Ocean and in favor of New Era Cap with respect to all relief requested in this complaint;

B. That the Court declare that Blue Ocean and its licensees, distributors, affiliates and all others using the Imitation Design have infringed and continue to infringe New Era Cap's trademarks;

C. That the Court enjoin permanently, and during the pendency of this action, defendant and its licensees, distributors, affiliates, agents, directors, officers, employees and all others acting in concert or participation with defendant from taking any further action in violation of the rights of New Era Cap, including but not limited to using the Imitation Design or any other mark or design confusingly similar to plaintiff's trademarks, or any colorable imitation

thereof, in connection with any sale or offer to sell, in connection with any goods or services, or in any other manner which infringes, dilutes, tarnishes or otherwise violates New Era Cap's rights or those of its affiliates;

      D.      That the Court enjoin permanently, and during the pendency of this action, defendant and its licensees, distributors, affiliates, agents, directors, officers, employees and all others acting in concert or participation with defendant from committing any act calculated or likely to cause the public or trade to believe that defendant or its goods, services or commercial activities are in any manner connected, affiliated or associated with, or sponsored by New Era Cap; from using in any manner any promotional material or other material related to defendant's products bearing the Imitation Design or any other confusingly similar mark or design; and from otherwise unfairly competing with New Era Cap or from infringing, diluting or otherwise violating New Era Cap's rights;

      E.      That the Court order that the defendant and its licensees be required to deliver up to the plaintiff for destruction any and all products, goods, promotional materials and other materials and documents bearing the Imitation Design or any other mark confusingly similar to New Era Cap's trademarks, or otherwise identifying the defendants as affiliated in any way with New Era Cap;

      F.      That the Court require defendant and its licensees, within thirty days after service of notice of entry of judgment or issuance of an injunction in this action, to file with the Court and serve upon plaintiff's counsel a written report under oath setting forth details of the manner in which defendants have complied with the Court's order pursuant to paragraphs C, D and E above;

G. That the Court require defendant and its licensees to account for and pay over to plaintiff all damages sustained by plaintiff and all profits realized through defendant's and its licensees' unlawful acts, including but not limited to defendant's profits, plaintiff's lost profits, damage to plaintiff's goodwill, and ordering that the amount of damages awarded plaintiff be increased three times the amount thereof;

H. That the Court cancel Blue Ocean's U.S. Registration No. 3,312,180, and reject or cause to be withdrawn Blue Ocean's U.S. Application Nos. 86/592,830 and 86/642,620 and/or cancel any registrations issuing therefrom;

I. That the Court award New Era Cap its costs and disbursements, and reasonable attorneys' fees, pursuant to 15 U.S.C. § 1117;

J. Granting such other and further relief as the Court may deem just and proper.

Dated: November 23, 2015
       Buffalo, New York

PHILLIPS LYTLE LLP

By:    s/ Michael J. Berchou
      Michael J. Berchou
      Rowland Richards
One Canalside
125 Main Street
Buffalo, New York 14203
(716) 847-8400
mberchou@phillipslytle.com
rrichards@phillipslytle.com

Doc #01-2907048.1